UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
NOLITA CARIDAD LORQUET,        :    08 CIV 2787 (DLC)

             Plaintiff,    :    **NOTICE OF MOTION**

LOEHMANN'S DEPARTMENT STORE    :

            Defendant.    :
------------------------------------------------X

       PLEASE TAKE NOTICE that, upon the complaint, the exhibits upon which the complaint is based, the affirmation of Sharon H. Stern, Esq., dated May 8, 2008 and the accompanying memorandum of law, defendant Loehmann's, Inc. incorrectly named as Loehmann's Department Store, will move this Court at the Courthouse located at 500 Pearl Street, New York, New York, to be returnable in accordance with Local Rule 6.1(b) of the Local Rules of the United States District Court for the Southern District of New York, for an order, pursuant to Rules 12(b) (1) and 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the Complaint for failure to state a claim, for lack of subject matter jurisdiction and untimeliness, and for such other and further relief as the Court may deem just and proper.

       Pursuant to Local Rule 6.1(d) of the Local Rules of the United States District Court for the Southern District of New York, a copy of which is annexed hereto as Exhibit "A", your answering papers must be served on the undersigned within 10 business days of service of these papers on you. Pursuant to Federal Rules of Civil Procedure Rule 6(d), a copy of which is annexed hereto as Exhibit "B", because these papers are being mailed to you, you have an additional three additional days to the serve your answering papers on the undersigned.

**Notice To Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings**

The defendant in this case has moved *to dismiss or* for judgment on the pleadings pursuant to Rule *12(b) or 12(c)* of the Federal Rules of Civil Procedure, *and has submitted additional written materials.* This means that the defendant has asked the court to decide this case without a trial, based on *these* written materials. *You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason,* THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial. The full text of Rule 56 *of the Federal Rules of Civil Procedure* is attached as Exhibit "C".

In short, Rule 56 provides that you may not NOT oppose the defendant's motion simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements must be in the form of affidavits. You may submit your own affidavit and/or the affidavit of others. You may submit affidavits that were prepared specifically in response to defendant's motion.

If you do not respond to the motion on time with affidavits of documentary evidence contradicting the facts asserted by the defendant, the court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

Dated: New York, New York
      May 8, 2008

                      TROUTMAN SANDERS LLP

                      By: _____
                            Sharon H. Stern (SS-3788)
                            405 Lexington Avenue
                            New York, New York 10174
                            (212) 704-6000
                            *Attorneys for Defendant*
                            *Loehmann's, Inc.*

To:   Nolita Caridad Lorquet, *pro se*
       1281 Eastern Parkway, #5C
       Brooklyn, New York 11213

# EXHIBIT A

**Local Civil Rule 6.1. - Service and Filing of Motion Papers**

Unless otherwise provided by statute or rule, or unless otherwise ordered by the court in an individual rule or in a direction in a particular case, upon any motion, the notice of motion, supporting affidavits, and memoranda shall be served and filed as follows:

(a)  On all motions and exceptions under Rules 26 through 37 inclusive and Rule 45(c)(3) of the Federal Rules of Civil Procedure, (1) the notice of motion, supporting affidavits, and memoranda of law shall be served by the moving party on all other parties that have appeared in the action, (2) any opposing affidavits and answering memoranda of law shall be served within four business days after service of the moving papers, and (3) any reply affidavits and reply memoranda of law shall be served within one business day after service of the answering papers.

(b)  On all civil motions, petitions, applications, and exceptions other than those described in Rule 6.1(a), and other than petitions for writs of habeas corpus, (1) the notice of motion, supporting affidavits, and memoranda of law shall be served by the moving party on all other parties that have appeared in the action, (2) any opposing affidavits and answering memoranda shall be served within ten business days after service of the moving papers, and (3) any reply affidavits and memoranda of law shall be served within five business days after service of the answering papers.

( c)  The parties and their attorneys shall only appear to argue the motion if so directed by the court by order or by individual rule or upon application.

(d)  No *ex parte* order, or order to show cause to bring on a motion, will be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary, and stating whether a previous application for similar relief has been made.

[Source:  Former Local Civil Rules 3(c)(1), (2), and (4) and 6(b)]

# EXHIBIT B

case files generally should be made available electronically to the same extent they are available at the courthouse, provided that certain "personal data identifiers" are not included in the public file.

While providing for the public filing of some information, such as the last four digits of an account number, the rule does not intend to establish a presumption that this information never could or should be protected. For example, it may well be necessary in individual cases to prevent remote access by nonparties to any part of an account number or social security number. It may also be necessary to protect information not covered by the redaction requirement—such as driver's license numbers and alien registration numbers—in a particular case. In such cases, protection may be sought under subdivision (d) or (e). Moreover, the Rule does not affect the protection available under other rules, such as Civil Rules 16 and 26(c), or under other sources of protective authority.

Parties must remember that any personal information not otherwise protected by sealing or redaction will be made available over the internet. Counsel should notify clients of this fact so that an informed decision may be made on what information is to be included in a document filed with the court.

The clerk is not required to review documents filed with the court for compliance with this rule. The responsibility to redact filings rests with counsel and the party or non-party making the filing.

Subdivision (c) provides for limited public access in Social Security cases and immigration cases. Those actions are entitled to special treatment due to the prevalence of sensitive information and the volume of filings. Remote electronic access by nonparties is limited to the docket and the written dispositions of the court unless the court orders otherwise. The rule contemplates, however, that nonparties can obtain full access to the case file at the courthouse, including access through the court's public computer terminal.

Subdivision (d) reflects the interplay between redaction and filing under seal. It does not limit or expand the judicially developed rules that govern sealing. But it does reflect the possibility that redaction may provide an alternative to sealing.

Subdivision (e) provides that the court can by order in a particular case for good cause require more extensive redaction than otherwise required by the Rule. Nothing in this subdivision is intended to affect the limitations on sealing that are otherwise applicable to the court.

Subdivision (f) allows a person who makes a redacted filing to file an unredacted document under seal. This provision is derived from section 205(c)(3)(iv) of the E-Government Act.

Subdivision (g) allows the option to file a register of redacted information. This provision is derived from section 205(c)(3)(v) of the E-Government Act, as amended in 2004. In accordance with the E-Government Act, subdivision (g) refers to "redacted" information. The term "redacted" is intended to govern a filing that is prepared with abbreviated identifiers in the first instance, as well as a filing in which a personal identifier is edited after its preparation.

Subdivision (h) allows a person to waive the protection of the rule as to that person's own personal information by filing it unsealed and in unredacted form. One may wish to waive the protection if it is determined that the costs of

redaction outweigh the benefits to privacy. If a person files an unredacted identifier by mistake, that person may seek relief from the court.

Trial exhibits are subject to the redaction requirements of Rule 5.2 to the extent they are filed with the court. Trial exhibits are not initially filed with the court must be redacted in accordance with the rule if and when they are filed as part of an appeal or for other reasons.

## Rule 6.    Computing and Extending Time; Time for Motion Papers

**(a) Computing Time.** The following rules apply in computing any time period specified in these rules or in any local rule, court order, or statute:

    **(1)** *Day of the Event Excluded.* Exclude the day of the act, event, or default that begins the period.

    **(2)** *Exclusions from Brief Periods.* Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days.

    **(3)** *Last Day.* Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or—if the act to be done is filing a paper in court—a day on which weather or other conditions make the clerk's office inaccessible. When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.

    **(4)** *"Legal Holiday" Defined.* As used in these rules, "legal holiday" means:

        **(A)** the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day; and

        **(B)** any other day declared a holiday by the President, Congress, or the state where the district court is located.

**(b) Extending Time.**

    **(1)** *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

        **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

        **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.

    **(2)** *Exceptions.* A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b), except as those rules allow.

**(c) Motions, Notices of Hearing, and Affidavits.**

**(1)** *In General.* A written motion and notice of the hearing must be served at least 5 days before the time specified for the hearing, with the following exceptions:

**(A)** when the motion may be heard ex parte;

**(B)** when these rules set a different time; or

**(C)** when a court order—which a party may, for good cause, apply for ex parte—sets a different time.

**(2)** *Supporting Affidavit.* Any affidavit supporting a motion must be served with the motion. Except as Rule 59(c) provides otherwise, any opposing affidavit must be served at least 1 day before the hearing, unless the court permits service at another time.

**(d) Additional Time After Certain Kinds of Service.** When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

(Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; February 28, 1966, effective July 1, 1966; December 4, 1967, effective July 1, 1968; March 1, 1971, effective July 1, 1971; April 28, 1983, effective August 1, 1983; April 29, 1985, effective August 1, 1985; March 2, 1987, effective August 1, 1987; April 29, 1999, effective December 1, 1999; April 23, 2001, effective December 1, 2001; April 25, 2005, effective December 1, 2005; April 30, 2007, effective December 1, 2007.)

**ADVISORY COMMITTEE NOTES**

**1937 Adoption**

Note to Subdivisions (a) and (b). These are amplifications along lines common in state practices, of [former] Equity Rule 80 (Computation of Time—Sundays and Holidays) and of the provisions for enlargement of time found in [former] Equity Rules 8 (Enforcement of Final Decrees) and 16 (Defendant to Answer—Default—Decree Pro Confesso). See also Rule XIII, Rules and Forms in Criminal Cases, 1934, 292 U.S. 661, 666. Compare Ala.Code Ann. (Michie, 1928) § 13 and former Law Rule 8 of the Rules of the Supreme Court of the District of Columbia (1924), superseded in 1929 by Law Rule 8; Rules of the District Court of the United States for the District of Columbia (1937).

Note to Subdivision (c). This eliminates the difficulties caused by the expiration of terms of court. Such statutes as U.S.C., Title 28, [former] § 12 (Trials not discontinued by new term) are not affected. Compare Rules of the United States District Court of Minnesota, Rule 25 (Minn.Stat. (Mason, Supp.1936), p. 1089).

Note to Subdivision (d). Compare 2 Minn.Stat. (Mason, 1927) § 9246; N.Y.R.C.P. (1937) Rules 60 and 64.

**1946 Amendment**

Note to Subdivision (b). The purpose of the amendment is to clarify the finality of judgments. Prior to the advent of the Federal Rules of Civil Procedure, the general rule that a court loses jurisdiction to disturb its judgments, upon the expiration of the term at which they were entered, had long been the classic device which (together with the statutory limits on the time for appeal) gave finality to judgments. See note to rule 73(a). Rule 6(c) abrogates that limit on judicial power. That limit was open to many objections, one of them being inequality of operation because, under it, the time for vacating a judgment rendered early in a term was much longer than for a judgment rendered near the end of the term.

The question to be met under rule 6(b) is: how far should the desire to allow correction of judgments be allowed to postpone their finality? The rules contain a number of provisions permitting the vacation or modification of judgments on various grounds. Each of these rules contains express time limits on the motions for granting of relief. Rule 6(b) is a rule of general application giving wide discretion to the court to enlarge these time limits or revive them after they have expired, the only exceptions stated in the original rule being a prohibition against enlarging the time specified in Rule 59(b) and (d) for making motions for or granting new trials, and a prohibition against enlarging the time fixed by law for taking an appeal. It should also be noted that Rule 6(b) itself contains no limitation of time within which the court may exercise its discretion, and since the expiration of the term does not end its power, there is now no time limit on the exercise of its discretion under Rule 6(b).

Decisions of lower federal courts suggest that some of the rules containing time limits which may be set aside under Rule 6(b) are Rules 25, 50(b), 52(b), 60(b), and 73(g).

In a number of cases the effect of Rule 6(b) on the time limitations of these rules has been considered. Certainly the rule is susceptible of the interpretation that the court is given the power in its discretion to relieve a party from failure to act within the times specified in any of these other rules, with only the exceptions stated in Rule 6(b), and in some cases the rule has been so construed.

With regard to Rule 25(a) for substitution, it was held in *Anderson v. Brady*, Ky.1941, 1 F.R.D. 589, 4 Fed.Rules Service 25a.1, Case 1, and in *Anderson v. Yungkau*, C.C.A.6, 1946, 153 F.2d 685, certiorari granted 66 S.Ct. 1025, 328 U.S. 829, 90 L.Ed. 1606, that under Rule 6(b) the court had no authority to allow substitution of parties after the expiration of the limit fixed in Rule 25(a).

As to Rules 50(b) for judgments notwithstanding the verdict and 52(b) for amendment of findings and vacation of judgment, it was recognized in *Leishman v. Associated Wholesale Electric Co.*, 1943, 63 S.Ct. 543, 318 U.S. 203, 87 L.Ed. 714, that Rule 6(b) allowed the district court to enlarge the time to make a motion for amended findings and judgment beyond the limit expressly fixed in Rule 52(b). See *Coca-Cola v. Busch*, E.D.Pa.1943, 7 Fed.Rules Service, 59b.2, Case 4. Obviously, if the time limit in Rule 52(b) could be set aside under Rule 6(b), the time limit in Rule 50(b) for granting judgment notwithstanding the verdict (and thus vacating the judgment entered "forthwith" on the verdict) likewise could be set aside.

As to Rule 59 on motions for a new trial, it has been settled that the time limits in Rule 59(b) and (d) for making motions for or granting new trial could not be set aside under Rule 6(b), because Rule 6(b) expressly refers to Rule 59, and forbids it. See *Safeway Stores, Inc. v. Coe*, App.D.C. 1943, 136 F.2d 771, 78 U.S.App.D.C. 19; *Jusino v. Morales & Tio*, C.C.A.1, 1944, 139 F.2d 946; *Coca-Cola Co. v. Busch*, E.D.Pa.1943, 7 Fed.Rules Service 59b.2, Case 4; *Peterson v. Chicago Great Western Ry. Co.*, D.Neb.1943, 3 F.R.D. 348, 7 Fed.Rules Service 59b.2, Case 1; *Leishman v. Associated Wholesale Electric Co.*, 1943, 63 S.Ct. 543, 318 U.S. 203, 87 L.Ed. 714.

As to Rule 60(b) for relief from a judgment, it was held in *Schram v. O'Connor*, Mich.1941, 5 Fed.Rules Serv. 6b.31, Case 1, 2 F.R.D. 192, s.c. 5 Fed.Rules Serv. 6b.31, Case 2, 2 F.R.D. 192, that the six-months time limit in original rule 60(b) for making a motion for relief from a judgment for surprise, mistake, or excusable neglect could be set aside under Rule 6(b). The contrary result was reached in *Wallace v. United States*, C.C.A.2, 1944, 142 F.2d 240, certiorari denied 65 S.Ct. 37, 323 U.S. 712, 89 L.Ed. 573; *Reed v. South Atlantic Steamship Co. of Del.*, Del.1942, 2 F.R.D. 475, 6 Fed.Rules Serv. 60b.31, Case 1.

As to Rule 73(g), fixing the time for docketing an appeal, it was held in *Ainsworth v. Gill Glass & Fixture Co.*, C.C.A.3, 1939, 104 F.2d 83, that under Rule 6(b) the district court, upon motion made after the expiration of the forty-day period, stated in Rule 73(g), but before the expiration of the ninety-day period therein specified, could permit the docketing of the appeal on a showing of excusable neglect. The contrary was held in *Mutual Benefit Health & Accident Ass'n v. Snyder*, C.C.A.6, 1940, 109 F.2d 469 and in *Burke v. Canfield*, 1940, 111 F.2d 526, 72 App.D.C. 127.

The amendment of Rule 6(b) now proposed is based on the view that there should be a definite point where it can be said a judgment is final; that the right method of dealing with the problem is to list in Rule 6(b) the various other rules whose time limits may not be set aside, and then, if the time limit in any of those other rules is too short, to amend that other rule to give a longer time. The further argument is that Rule 6(c) abolished the long standing device to produce finality in judgments through expiration of the term, and since that limitation on the jurisdiction of courts to set aside their own judgments has been removed by Rule 6(c), some other limitation must be substituted or judgments never can be said to be final.

In this connection reference is made to the established rule that if a motion for new trial is seasonably made, the mere making or pendency of the motion destroys the finality of the judgment, and even though the motion is ultimately denied, the full time for appeal starts anew from the date of denial. Also, a motion to amend the findings under Rule 52(b) has the same effect on the time for appeal. *Leishman v. Associated Wholesale Electric Co.*, 1943, 63 S.Ct. 543, 318 U.S. 203, 87 L.Ed. 714. By the same reasoning a motion for judgment under Rule 50(b), involving as it does the vacation of a judgment entered "forthwith" on the verdict (Rule 58), operates to postpone, until an order is made, the running of the time for appeal. The Committee believes that the abolition by Rule 6(c) of the old rule that a court's power over its judgments ends with the term, requires a substitute limitation, and that unless Rule 6(b) is amended to prevent enlargement of the times specified in Rules 50(b), 52(b) and

60(b), and the limitation as to Rule 59(b) and (d) is retained no one can say when a judgment is final. This is also true with regard to proposed Rule 59(e), which authorizes a motion to alter or amend a judgment, hence that rule is also included in the enumeration in amended Rule 6(b). In consideration of the amendment, however, it should be noted that Rule 60(b) is also to be amended so as to lengthen the six-months period originally prescribed in that rule to one year.

As to Rule 25 on substitution, while finality is not involved the limit there fixed should be controlling. That rule, as amended, gives the court power, upon showing of a reason able excuse, to permit substitution after the expiration of the two-year period.

As to Rule 73(g), it is believed that the conflict in decision should be resolved and not left to further litigation, and that the rule should be listed as one whose limitation may not be set aside under Rule 6(b).

As to Rule 59(c), fixing the time for serving affidavits on motion for new trial, it is believed that the court should have authority under Rule 6(b) to enlarge the time, because, once the motion for new trial is made, the judgment no longer has finality, and the extension of time for affidavits thus does not of itself disturb finality.

Other changes proposed in Rule 6(b) are merely clarifying and conforming. Thus "request" is substituted for "application" in clause (1) because an application is defined as a motion under Rule 7(b). The phrase "extend the time" is substituted for "enlarge the period" because the former is a more suitable expression and relates more clearly to both clauses (1) and (2). The final phrase in Rule 6(b), "or the period for taking an appeal as provided by law", is deleted and a reference to Rule 73(a) inserted, since it is proposed to state in that rule the time for appeal to a circuit court of appeals, which is the only appeal governed by the Federal Rules, and allows an extension of time. See Rule 72.

**Subdivision (c).** The purpose of this amendment is to prevent reliance upon the continued existence of a term as a source of power to disturb the finality of a judgment upon grounds other than those stated in these rules. See *Hill v. Hawes*, 1944, 64 S.Ct. 334, 320 U.S. 520, 88 L.Ed. 283; *Boaz v. Mutual Life Ins. Co. of New York*, C.C.A.8, 1944, 146 F.2d 321; *Bucy v. Nevada Construction Co.*, C.C.A.9, 1942, 125 F.2d 213.

**1963 Amendment**

**Subdivision (a).** This amendment is related to the amendment of Rule 77(c) changing the regulation of the days on which the clerk's office shall be open.

The wording of the first sentence of Rule 6(a) is clarified, and the subdivision is made expressly applicable to computing periods of time set forth in local rules.

Saturday is to be treated in the same way as Sunday or a "legal holiday" in that it is not to be included when it falls on the last day of a computed period, nor counted as an intermediate day when the period is less than 7 days. "Legal holiday" is defined for purposes of this subdivision and amended Rule 77(c). Compare the definition of "holiday" in 11 U.S.C. § 1(18); also 5 U.S.C. § 86a; Executive Order No. 10358, *"Observance of Holidays,"* June 9, 1952, 17 Fed.Reg. 5269. In the light of these changes the last sentence of the present subdivision, dealing with half holidays, is eliminated.

With Saturdays and State holidays made "dies non" in certain cases by the amended subdivision, computation of the usual 5-day notice of motion or the 2-day notice to dissolve or modify a temporary restraining order may work out so as to cause embarrassing delay in urgent cases. The delay can be obviated by applying to the court to shorten the time, see Rules 6(d) and 65(b).

Subdivision (b). The prohibition against extending the time for taking action under Rule 25 (Substitution of parties) is eliminated. The only limitation of time provided for in amended Rule 25 is the 90-day period following a suggestion upon the record of the death of a party within which to make a motion to substitute the proper parties for the deceased party. See Rule 25(a)(1), as amended, and the Advisory Committee's Note thereto. It is intended that the court shall have discretion to enlarge that period.

### 1966 Amendment

P.L. 88-139, § 1, 77 Stat. 248, approved on October 16, 1963, amended 28 U.S.C. § 138 to read as follows: "The district court shall not hold formal terms." Thus Rule 6(c) is rendered unnecessary, and it is rescinded.

### 1967 Amendment

The amendment eliminates the references to Rule 73, which is to be abrogated.

### 1971 Amendment

The amendment adds Columbus Day to the list of legal holidays to conform the subdivision to the Act of June 28, 1968, 82 Stat. 250, which constituted Columbus Day a legal holiday effective after January 1, 1971.

The Act, which amended Title 5, U.S.C. § 6103(a), changes the day on which certain holidays are to be observed. Washington's Birthday, Memorial Day and Veterans Day are to be observed on the third Monday in February, the last Monday in May and the fourth Monday in October, respectively, rather than, as heretofore, on February 22, May 30, and November 11, respectively, Columbus Day is to be observed on the second Monday in October. New Year's Day, Independence Day, Thanksgiving Day and Christmas continue to be observed on the traditional days.

### 1983 Amendment

Subdivision (b). The amendment confers finality upon the judgments of magistrates by foreclosing enlargement of the time for appeal, except as provided in new Rule 74(a) (20 day period for demonstration of excusable neglect).

### 1985 Amendment

Rule 6(a) is amended to acknowledge that weather conditions or other events may render the clerk's office inaccessible one or more days. Parties who are obliged to file something with the court during that period should not be penalized if they cannot do so. The amendment conforms to changes made in Federal Rule of Criminal Procedure 45(a), effective August 1, 1982.

The Rule also is amended to extend the exclusion of intermediate Saturdays, Sundays, and legal holidays to the computation of time periods less than 11 days. Under the current version of the Rule, parties bringing motions under

rules with 10-day periods could have as few as 5 working days to prepare their motions. This hardship would be especially acute in the case of Rules 50(b) and (c)(2), 52(b), and 59(b), (d), and (e), which may not be enlarged at the discretion of the court. See Rule 6(b). If the exclusion of Saturdays, Sundays, and legal holidays will operate to cause excessive delay in urgent cases, the delay can be obviated by applying to the court to shorten the time. See Rule 6(b).

The Birthday of Martin Luther King, Jr., which becomes a legal holiday effective in 1986, has been added to the list of legal holidays enumerated in the Rule.

### 1987 Amendment

The amendments are technical. No substantive change is intended.

### 1999 Amendment

The reference to Rule 74(a) is stricken from the catalogue of time periods that cannot be extended by the district court. The change reflects the 1997 abrogation of Rule 74(a).

### 2001 Amendments

The additional three days provided by Rule 6(e) is extended to the means of service authorized by the new paragraph (D) added to Rule 5(b), including—with the consent of the person served—service by electronic or other means. The three-day addition is provided as well for service on a person with no known address by leaving a copy with the clerk of the court.

**Changes Made After Publication and Comments**

Proposed Rule 6(e) is the same as the "alternative proposal" that was published in August 1999.

### 2005 Amendments

Rule 6(e) is amended to remove any doubt as to the method for extending the time to respond after service by mail, leaving with the clerk of court, electronic means, or other means consented to by the party served. Three days are added after the prescribed period otherwise expires under Rule 6(a). Intermediate Saturdays, Sundays, and legal holidays are included in counting these added three days. If the third day is a Saturday, Sunday, or legal holiday, the last day to act is the next day that is not a Saturday, Sunday, or legal holiday. The effect of invoking the day when the prescribed period would otherwise expire under Rule 6(a) can be illustrated by assuming that the thirtieth day of a thirty-day period is a Saturday. Under Rule 6(a) the period expires on the next day that is not a Sunday or legal holiday. If the following Monday is a legal holiday, under Rule 6(a) the period expires on Tuesday. Three days are then added—Wednesday, Thursday, and Friday as the third and final day to act. If the period prescribed expires on a Friday, the three added days are Saturday, Sunday, and Monday, which is the third and final day to act unless it is a legal holiday. If Monday is a legal holiday, the next day that is not a legal holiday is the third and final day to act.

Application of Rule 6(e) to a period that is less than eleven days can be illustrated by a paper that is served by mailing on a Friday. If ten days are allowed to respond, intermediate Saturdays, Sundays, and legal holidays are excluded in determining when the period expires under Rule 6(a). If there is no legal holiday, the period expires on the Friday two weeks

after the paper was mailed. The three added Rule 6(e) days are Saturday, Sunday, and Monday, which is the third and final day to act unless it is a legal holiday. If Monday is a legal holiday, the next day that is not a legal holiday is the final day to act.

### 2007 Amendment

The language of Rule 6 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

### HISTORICAL NOTES

**Effective and Applicability Provisions**

**1946 Amendments.** Effective date of amendment to this rule, see rule 86(b).

# EXHIBIT C

the Federal Rules, 1940, 3 Fed. Rules Serv. 725; 3 *Moore's Federal Practice*, 1938, Cum. Supplement § 55.02.

### 1987 Amendment

The amendments are technical. No substantive change is intended.

### 2007 Amendments

The language of Rule 55 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

Former Rule 55(a) directed the clerk to enter a default when a party failed to plead or otherwise defend "as provided by these rules." The implication from the reference to defending "as provided by these rules" seemed to be that the clerk should enter a default even if a party did something showing an intent to defend, but that act was not specifically described by the rules. Courts in fact have rejected that implication. Acts that show an intent to defend have frequently prevented a default even though not connected to any particular rule. "[A]s provided by these rules" is deleted to reflect Rule 55(a)'s actual meaning.

Amended Rule 55 omits former Rule 55(d), which included two provisions. The first recognized that Rule 55 applies to described claimants. The list was incomplete and unnecessary. Rule 55(a) applies Rule 55 to any party against whom a judgment for affirmative relief is requested. The second provision was a redundant reminder that Rule 54(c) limits the relief available by default judgment.

## Rule 56.   Summary Judgment

**(a) By a Claiming Party.** A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The motion may be filed at any time after:

    (1) 20 days have passed from commencement of the action; or

    (2) the opposing party serves a motion for summary judgment.

**(b) By a Defending Party.** A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.

**(c) Serving the Motion; Proceedings.** The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

**(d) Case Not Fully Adjudicated on the Motion.**

    (1) *Establishing Facts.* If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts—including items of damages or other relief—are not genuinely at issue. The facts so specified must be treated as established in the action.

    (2) *Establishing Liability.* An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

**(e) Affidavits; Further Testimony.**

    (1) *In General.* A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

    (2) *Opposing Party's Obligation to Respond.* When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

**(f) When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1) deny the motion;

    (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

    (3) issue any other just order.

**(g) Affidavit Submitted in Bad Faith.** If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.

(Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007.)

## ADVISORY COMMITTEE NOTES

### 1937 Adoption

This rule is applicable to all actions, including those against the United States or an officer or agency thereof.

Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact. It has been extensively used in England for more than 50 years and has been adopted in a number of American states. New York, for example, has made great use of it. During the first nine years after its adoption there, the records of New York county alone show 5,600 applications for summary judgments. Report of the Commission on the Administration of Justice in New York State (1934), p. 383. See also *Third Annual Report of the Judicial Council of the State of New York* (1937), p. 30.

In England it was first employed only in cases of liquidated claims, but there has been a steady enlargement of the scope of the remedy until it is now used in actions to recover land or chattels and in all other actions at law, for liquidated or unliquidated claims, except for a few designated torts and breach of promise of marriage. *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 3, r. 6; Orders 14, 14A, and 15; see also O. 32, r. 6, authorizing an application for judgment at any time upon admissions. In Michigan (3 Comp.Laws (1929) § 14260) and Illinois (Smith-Hurd Ill.Stats. c. 110, §§ 181, 259.15, 259.16), it is not limited to liquidated demands. New York (N.Y.R.C.P. (1937) Rule 113; see also Rule 107) has brought so many classes of actions under the operation of the rule that the Commission on Administration of Justice in New York State (1934) recommend that all restrictions be removed and that the remedy be available "in any action" (p. 287). For the history and nature of the summary judgment procedure and citations of state statutes, see Clark and Samenow, The Summary Judgment (1929), 38 Yale L.J. 423.

**Note to Subdivision (d).** See Rule 16 (Pre-Trial Procedure; Formulating Issues) and the Note thereto.

**Note to Subdivisions (e) and (f).** These are similar to rules in Michigan. Mich.Court Rules Ann. (Searl, 1933) Rule 30.

### 1946 Amendment

**Note to Subdivision (a).** The amendment allows a claimant to move for a summary judgment at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party. This will normally operate to permit an earlier motion by the claimant than under the original rule, where the phrase "at any time after the pleading in answer thereto has been served" operates to prevent a claimant from moving for summary judgment, even in a case clearly proper for its exercise, until a formal answer has been filed. Thus in *Peoples Bank v. Federal Reserve Bank of San Francisco*, N.D.Cal.1944, 58 F.Supp. 25, the plaintiff's countermotion for a summary judgment was stricken as premature, because the defendant had not filed an answer. Since Rule 12(a) allows at least 20 days for an answer, that time plus the 10 days

required in Rule 56(c) means that under original Rule 56(a) a minimum period of 30 days necessarily has to elapse in every case before the claimant can be heard on his right to summary judgment. An extension of time by the court or the service of preliminary motions of any kind will prolong that period even further. In many cases this merely represents unnecessary delay. See *United States v. Adler's Creamery, Inc.*, C.C.A.2, 1939, 107 F.2d 987. The changes are in the interest of more expeditious litigation. The 20-day period, as provided, gives the defendant an opportunity to secure counsel and determine a course of action. But in case where the defendant himself makes a motion for summary judgment within that time, there is no reason to restrict the plaintiff and the amended rule so provides.

**Subdivision (c).** The amendment of Rule 56(c), by the addition of the final sentence, resolves a doubt expressed in *Sartor v. Arkansas Natural Gas Corp.*, 1944, 64 S.Ct. 724, 321 U.S. 620, 88 L.Ed. 967. See also Commentary, Summary Judgment as to Damages, 1944, 7 Fed.Rules Serv. 974; *Madeirense Do Brasil S/A v. Stulman-Emrich Lumber Co.*, C.C.A.2d, 1945, 147 F.2d 399, certiorari denied 1945, 65 S.Ct. 1201, 325 U.S. 861, 89 L.Ed. 1982. It makes clear that although the question of recovery depends on the amount of damages, the summary judgment rule is applicable and summary judgment may be granted in a proper case. If the case is not fully adjudicated it may be dealt with as provided in subdivision (d) of Rule 56, and the right to summary recovery determined by a preliminary order, interlocutory in character, and the precise amount of recovery left for trial.

**Subdivision (d).** Rule 54(a) defines "judgment" as including a decree and "any order from which an appeal lies." Subdivision (d) of Rule 56 indicates clearly, however, that a partial summary "judgment" is not a final judgment, and, therefore, that it is not appealable, unless in the particular case some statute allows an appeal from the interlocutory order involved. The partial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case. This adjudication is more nearly akin to the preliminary order under Rule 16, and likewise serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact. See *Leonard v. Socony-Vacuum Oil Co.*, C.C.A.7, 1942, 130 F.2d 535; *Biggins v. Oltmer Iron Works*, C.C.A.7, 1946, 154 F.2d 214; 3 Moore's Federal Practice, 1938, 3190–3192. Since interlocutory appeals are not allowed, except where specifically provided by statute, see 3 Moore, op. cit. supra, 3155–3156, this interpretation is in line with that policy, *Leonard v. Socony-Vacuum Oil Co.*, supra. See also *Audi Vision Inc. v. RCA Mfg. Co.*, C.C.A.2, 1943, 136 F.2d 621; *Toomey v. Toomey*, 1945, 149 F.2d 19, 80 U.S.App.D.C. 77; *Biggins v. Oltmer Iron Works*, supra; *Catlin v. United States*, 1945, 65 S.Ct. 631, 324 U.S. 229, 89 L.Ed. 911.

### 1963 Amendment

**Subdivision (c).** By the amendment "answers to interrogatories" are included among the materials which may be considered on motion for summary judgment. The phrase was inadvertently omitted from the rule, see 3 Barron & Holtzoff, *Federal Practice & Procedure* 159–60 (Wright ed. 1958), and the courts have generally reached by interpretation the result which will hereafter be required by the text of the amended rule. See Annot., 74 A.L.R.2d 984 (1960).

.. Subdivision (e). The words "answers to interrogatories" are added in the third sentence of this subdivision to conform to the amendment of subdivision (c).

The last two sentences are added to overcome a line of cases, chiefly in the Third Circuit, which has impaired the utility of the summary judgment device. A typical case is as follows: A party supports his motion for summary judgment by affidavits or other evidentiary matter sufficient to show that there is no genuine issue as to a material fact. The adverse party, in opposing the motion, does not produce any evidentiary matter, or produces some but not enough to establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue. In this situation Third Circuit cases have taken the view that summary judgment must be denied, at least if the averments are "well-pleaded," and not suppositious, conclusory, or ultimate. See *Frederick Hart & Co., Inc. v. Recordgraph Corp.*, 169 F.2d 580 (3d Cir. 1948); *United States ex rel. Kolton v. Halpern*, 260 F.2d 590 (3d Cir. 1958); *United States ex rel. Nobles v. Ivey Bros. Constr. Co., Inc.*, 191 F.Supp. 383 (D.Del.1961); *Jamison v. Pennsylvania Salt Mfg. Co.*, 22 F.R.D. 238 (W.D.Pa.1958); *Bunny Bear, Inc. v. Dennis Mitchell Industries*, 139 F.Supp. 542 (E.D.Pa.1956); *Levy v. Equitable Life Assur. Society*, 18 F.R.D. 164 (E.D.Pa.1955).

The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. The Third Circuit doctrine, which permits the pleadings themselves to stand in the way of granting an otherwise justified summary judgment, is incompatible with the basic purpose of the rule. See 6 *Moore's Federal Practice* 2069 (2d ed. 1953); 3 Barron & Holtzoff, supra, § 1235.1.

It is hoped that the amendment will contribute to the more effective utilization of the salutary device of summary judgment.

The amendment is not intended to derogate from the solemnity of the pleadings. Rather it recognizes that, despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary.

Nor is the amendment designed to affect the ordinary standards applicable to the summary judgment motion. So, for example, Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate. Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented. And summary judgment may be inappropriate where the party opposing it shows under subdivision (f) that he cannot at the time present facts essential to justify his opposition.

#### 1987 Amendment

The amendments are technical. No substantive change is intended.

#### 2007 Amendments

The language of Rule 56 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent

throughout the rules. These changes are intended to be stylistic only.

Former Rule 56(a) and (b) referred to summary-judgment motions on or against a claim, counterclaim, or crossclaim, or to obtain a declaratory judgment. The list was incomplete. Rule 56 applies to third-party claimants, intervenors, claimants in interpleader, and others. Amended Rule 56(a) and (b) carry forward the present meaning by referring to a party claiming relief and a party against whom relief is sought.

Former Rule 56(c), (d), and (e) stated circumstances in which summary judgment "shall be rendered," the court "shall if practicable" ascertain facts existing without substantial controversy, and "if appropriate, shall" enter summary judgment. In each place "shall" is changed to "should." It is established that although there is no discretion to enter summary judgment when there is a genuine issue as to any material fact, there is discretion to deny summary judgment when it appears that there is no genuine issue as to any material fact. *Kennedy v. Silas Mason Co.*, 334 U.S. 249, 256–257 (1948). Many lower court decisions are gathered in 10A-Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d, § 2728. "Should" in amended Rule 56(c) recognizes that courts will seldom exercise the discretion to deny summary judgment when there is no genuine issue as to any material fact. Similarly sparing exercise of this discretion is appropriate under Rule 56(e)(2). Rule 56(d)(1), on the other hand, reflects the more open-ended discretion to decide whether it is practicable to determine what material facts are not genuinely at issue.

Former Rule 56(d) used a variety of different phrases to express the Rule 56(c) standard for summary judgment—that there is no genuine issue as to any material fact. Amended Rule 56(d) adopts terms directly parallel to Rule 56(c).

## Rule 57.   Declaratory Judgment

These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action.
(Amended December 29, 1948, effective October 20, 1949; April 30, 2007, effective December 1, 2007.)

### ADVISORY COMMITTEE NOTES
#### 1937 Adoption

The fact that a declaratory judgment may be granted "whether or not further relief is or could be prayed" indicates that declaratory relief is alternative or cumulative and not exclusive or extraordinary. A declaratory judgment is appropriate when it will "terminate the controversy" giving rise on undisputed or relatively undisputed facts, it operates frequently as a summary proceeding, justifying docketing the case for early hearing as on a motion, as provided for in California Code Civ.Proc. (Deering, 1937) § 1062a), Michigan (3 Comp.Laws (1929) § 13904), and Kentucky (Codes (Carroll, 1932) Civ.Pract. § 639a–3).

The "controversy" must necessarily be of a justiciable nature, thus excluding an advisory decree upon a hypotheti-

# SHARON STERN
# AFFIRMATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NOLITA CARIDAD LORQUET,                          :         08 CIV 2787 (DLC)

                              Plaintiff,         :         **AFFIRMATION OF**
                                                           **SHARON H. STERN**

LOEHMANN'S DEPARTMENT STORE                       :

                              Defendant.          :
------------------------------------------------------------X

SHARON H. STERN, ESQ., an attorney admitted to practice law before the Courts of

this State, affirms under the penalties of perjury:

    1.    I am of counsel to the firm of Troutman Sanders LLP. I submit this affirmation

on behalf of defendant Loehmann's, Inc., incorrectly sued herein as Loehmann's Department

Store ("Loehmann's"), in support of Loehmann's motion to dismiss the complaint of plaintiff

Nolita Caridad Lorquet ("Plaintiff"), because Plaintiff failed to pursue her administrative

remedies in a timely fashion, and the complaint is time-barred, the court is without jurisdiction

and a valid claim cannot be asserted. Under Title VII, a charge of discrimination in

employment must be filed with the EEOC within 180 days of the occurrence of the alleged

unlawful employment practice. Plaintiff filed her EEOC charge over four (4) years (or over

1460 days) after the alleged discrimination took place. I have personal knowledge of the facts

herein, except as otherwise indicated.

    2.    Annexed hereto as Exhibit "1" is a true and correct copy of the Plaintiff's

complaint.

    3.    The complaint alleges that Plaintiff was employed by Loehmann's, a department

store, in a Manhattan store, between August and September 2003 (less than one month), and

that discriminatory acts occurred between "August-September 2003" (Compl. p. 3, § II.B). The

sum and substance of the Plaintiff's claim is as follows: "I was moved around from place to place in the store until I was asked to be a salesperson on the first floor. A few hours later, that position was offered to a man and I was told to go 'handle gloves.' There was no such thing in the store as glove handling and I was forced out." (Compl. p. 3, § II.E).

4.    In the complaint, Plaintiff boldly seeks the following relief: **"I wish to receive hundreds of thousands of dollars hoping that nobody will tell me to go handle gloves in the future."** (emphasis added). (Compl. p. 4, § IV).

5.    The complaint alleges that in November 2007, four (4) years after Plaintiff's employment with Loehmann's ended, Plaintiff filed a charge of gender discrimination with the EEOC (the "EEOC Charge"). (Compl. p. 3, § III.A). A copy of the EEOC Charge is annexed hereto as Exhibit "2."

6.    Plaintiff's complaint also alleges that in February 2008, the EEOC issued Plaintiff a "Dismissal and Notice of Rights" letter stating that it was closing the file on the matter because plaintiff's "charge was not timely filed with the EEOC; in other words [she] waited too long after the date(s) of the alleged discrimination to file [her] charge." (the "EEOC Dismissal"). The EEOC Dismissal also advised Plaintiff that she had the right to file a lawsuit within 90 days of her receipt of the EEOC Dismissal. The EEOC Dismissal is attached to the Complaint.

7.    In March 2008, Plaintiff filed the instant suit. (Compl. p. 4, Section III B; p. 13).

8.    As demonstrated in the accompanying memo of law in support of Loehmann's motion to dismiss, the complaint must be dismissed, as the EEOC Charge Plaintiff filed was untimely. A charge of employment discrimination must be filed with the EEOC within 180

days of the occurrence of the alleged unlawful employment practice.  Plaintiff filed the EEOC

Charge over four (4) years (or over 1460 days) after the alleged discrimination took place in

August to September 2003.  As the EEOC charge was not timely filed, dismissal of the

complaint is warranted.

WHEREFORE, Your Affirmant requests that the motion be granted in its entirety and

that the Complaint be dismissed with prejudice.

Dated:    New York, New York
          May 8, 2008

                                        _____
                                        SHARON H. STERN

Dated: New York, New York
      May 8, 2008

                                TROUTMAN SANDERS LLP

                              By: _____
                                    Sharon H. Stern (SS-3788)
                                    405 Lexington Avenue
                                    New York, New York 10174
                                    (212) 704-6000
                                    *Attorneys for Defendant*
                                    *Loehmann's, Inc.*

To:     Nolita Caridad Lorquet, *pro se*
          1281 Eastern Parkway, #5C
          Brooklyn, New York 11213

# EXHIBIT 1

04-22-08    08:02am    From-Loehmanns Inc                7195192766        T-785   P.003/013   F-555

U.S. Department of Justice
United States Marshals Service
Southern District of New York



500 Pearl Street, Suite 400, New York, NY 10007

### STATEMENT OF SERVICE BY MAIL AND ACKNOWLEDGMENT
### OF RECEIPT BY MAIL OF SUMMONS AND COMPLAINT

**A.      STATEMENT OF SERVICE BY MAIL**

United States District Court
for the
Southern District of New York

Civil File Number 08 Civ. 2787

Nolita Caridad Lorquet
vs.
Loehmann's Department Store et al.

April 18, 2008

TO:     Loehmann's Department Store
        Director of Personnel
        2500 Halsey Street
        Bronx, NY 10461

The enclosed summons and complaint are served pursuant to Fed. R. Civ. P. 4(e)(1) and section 312-a of the New York Civil Practice Law and Rules.

To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgment part of this form and mail or deliver this original completed form to the U.S. Marshals Service within thirty (30) days from the date of this form. A self addressed envelope has been included for your convenience. You should keep a copy for your records and/or for your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you do not complete and return the form to the U.S. Marshals Service within thirty (30) days, you (or the party on whose behalf you are being served) may be required to pay expenses incurred in serving the summons and complaint in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.

The return of this statement and acknowledgment does not relieve you of the necessity to answer the complaint. The time to answer expires twenty (20) days after the day you mail or deliver this form to the U.S. Marshals Service. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire..

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgment.

OVER>>>

04-22-08    08:02am    From-Loehmanns Inc    7185182766    T-785    P.004/013    F-555

CIVIL ACTION FILE NUMBER   08 Civ. 2787

Nolita Caridad Lorquet    vs.    Loehmann's Department Store et al.

B.    **ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT**

I received a summons and complaint. PLEASE CHECK ONE OF THE FOLLOWING;

IF 2 IS CHECKED, COMPLETE AS INDICATED:

1. __✓__ I am not in military service.

2. ____ I am in military service, and my rank, serial number and branch of service are as follows:

   Rank:_____
   Serial Number:_____
   Branch of Service:_____

TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

   Date: _____
   (Date this acknowledgment is executed)

   I affirm the above as true under penalty of perjury

   _____
   Signature

   _____
   Print Name

   _____
   Relationship to Entity/Authority to Receive Service
   of Process (i.e., self, officer, attorney, etc.)

USMS OFFICIAL: DIANA BAERGA

04-22-08    08:02am    From-Loehmanns Inc                    7185182766        T-795    P.005/013    F-555

(Rev. 2/5/98) Summons in a Civil Action

# *United States District Court*

| | | |
|---|---|---|
| SOUTHERN | **DISTRICT OF** | NEW YORK |

Nolita Caridad Lorquet

**v.**

Loehmann's Department Store

### SUMMONS IN A CIVIL CASE

CASE NUMBER:

**JUDGE COTE**

**08 CV 2787**

TO: (Name and address of defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon **PLAINTIFF'S ATTORNEY** (name and address)

*Pro Se* Nolita Caridad Lorquet
1281 Eastern Parkway, #5C
Brooklyn, New York  11213

An answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

_____
(BY) DEPUTY CLERK

MAR 1 7 2008

_____
DATE

04-22-08   08:02am   From-Loehmanns Inc                7185182766              T-785  P.006/013  F-555

(Rev. 8/888) Summons in a civil action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| NAME OF SERVER (PRINT) | Title |

**CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE**

☐  Served personally upon the defendant. Place where served: _____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

☐  Other (specify) _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                    Date

Signature of Server _____

Address of Server _____

(1)  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

04-22-08    08:02am    From-Loehmanns Inc                    7185182766          T-785   P.007/013   F-555

JUDGE COTE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Nolita Caridad Locquet
*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

-against-

Loehmann's Department Store

_____

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

---

**I.F.P. GRANTED.**

Leave to proceed in this Court
without payment of fees is
authorized.    28 U.S.C. S 1915.

So Ordered.
_____ Civ. ___ ( ) ( )

MAY 13

REQUEST TO PROCEED
*IN FORMA PAUPERIS*
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_Cecilia W. Wood_

                    **Chief Judge**

---

I, Nolita C. Locquet , *(print or type your name)* am the plaintiff/petitioner in the
above entitled case and I hereby request to proceed *in forma pauperis* and without being required to prepay
fees or costs or give security.  I state that because of my poverty I am unable to pay the costs of said
proceeding or to give security therefor, and that I believe I am entitled to redress.

1.    If you are presently employed:
          a) give the name and address of your employer
          b) state the amount of your earnings per month

                    N/A
_____

2.    If you are NOT PRESENTLY EMPLOYED:
          a) state the date of start and termination of your last employment
          b) state your earnings per month
      YOU MUST ANSWER THIS QUESTION EVEN IF YOU ARE INCARCERATED.

August 2003 - September 2003        $7.00/hr

Have you received, within the past twelve months, any money from any source?  If so, name the
source and the amount of money you received.

No
_____

a) Are you receiving any public benefits?              ☑ No.      ☐  Yes, $_____.

b) Do you receive any income from any other source?    ☑ No.      ☐  Yes, $_____.

RECEIVED
FEB 25 2008
PRO SE OFFICE

U.S. DISTRICT COURT
FILED
2008 MAR 17 PM 1:08
S.D. OF N.Y.

*Rev. 05/2007*                    *1*

4.   Do you have any money, including any money in a checking or savings account? If so, how much?

☑ No.        ☐ Yes, $ _____ .

5.   Do you own any apartment, house, or building, stock, bonds, notes, automobiles or other property? If the answer is yes, describe the property and state its approximate value.

☑ No.        ☐ Yes,  $ _____ .

6.   Do you pay for rent or for a mortgage? If so, how much each month?

☑ No.        ☐ Yes,  _____ .

7.   List the person(s) that you pay money to support and the amount you pay each month.

_____

N/A _____

_____

8.   State any special financial circumstances which the Court should consider.

No job and there is a restraining order
on the $270.00 that I have left.
_____

I understand that the Court shall dismiss this case if I give a false answer to any questions in this declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _2 2_ day of _February_ _2008_.
            date          month         year

_Nolita C. Loquet_
Signature

04-22-08    08:02am    From-Loehmanns Inc                    7185182766            T-785    P.009/013    F-555

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Nolita Caridad Lorquet

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Loehmann's Department
Store

*(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of names.
Typically, the company or organization named in your charge
to the Equal Employment Opportunity Commission should be
named as a defendant.  Addresses should not be included here.)*

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial:  ☐ Yes   ☑ No

*(check one)*

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

✓    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
     to 2000e-17 (race, color, gender, religion, national origin).
     *NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a
     Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

___    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
       621 - 634.
       *NOTE: In order to bring suit in federal district court under the Age Discrimination in
       Employment Act, you must first file a charge with the Equal Employment Opportunity
       Commission.*

___    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 -
       12117.
       *NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act,
       you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity
       Commission.*

___    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age,
       race, creed, color, national origin, sexual orientation, military status, sex,
       disability, predisposing genetic chacteristics, marital status).

___    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to
       131 (actual or perceived age, race, creed, color, national origin, gender,
       disability, marital status, partnership status, sexual orientation, alienage,
       citizenship status).



PRO SE OFFICE  RECEIVED  FEB 25 2008

*Rev. 05/2007*                        1

**I.    Parties in this complaint:**

A.    List your name, address and telephone number.  Do the same for any additional plaintiffs named.
Attach additional sheets of paper as necessary.

Plaintiff    Name  _Nolita C. Lorquet_
Street Address  _1281 Eastern Parkway Apt 5C_
County, City  _Brooklyn_
State & Zip Code  _New York   11213_
Telephone Number  _____

B.    List all defendants' names and the address where each defendant may be served.  Make sure that the
defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets
of paper as necessary.

Defendant    Name  _Loehmann's Department Store_
Street Address  _2500 Halsey Street_
County, City  _Bronx_
State & Zip Code  _New York   10461_
Telephone Number  _____

C.    The address at which I sought employment or was employed by the defendant(s) is:

Employer  _Loehmann's Department Store_
Street Address  _7th Ave_
County, City  _New York_
State & Zip Code  _New York_
Telephone Number  _____

**II.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events.  Describe how you were
discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts
to support those claims.  You may wish to include further details such as the names of other persons involved
in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related
claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as
necessary.

A.    The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____    Failure to hire me.

___✓___    Termination of my employment.

_____    Failure to promote me.

_____    Failure to accommodate my disability.

___✓___    Unequal terms and conditions of my employment,

_____    Retaliation.

_____    Other acts *(specify)*: _____ .

*Note:*   *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statues.*

B.    It is my best recollection that the alleged discriminatory acts occurred on: *Aug – Sept 2003*
                                                               *Date(s)*

C.    I believe that defendant(s) *(check one)*:

     ✓     is still committing these acts against me.

     _____    is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

     ☐    race   _____          ☐    color   _____

     ☑    gender/sex   _____         ☐    religion _____ /

     ☐    national origin _____

     ☐    age.   My date of birth is _____   *(Give your date of birth only*
                           *if you are asserting a claim of age discrimination.)*

     ☐    disability or perceived disability, *They decided I would not*   *(specify)*
                                        *be offered a chance to perform*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

*I was hired in August 2003. During my time of employment, I was moved from place to place in the store until I was asked to be a sales person on the first floor. A few hours later, that position was offered to a man and I was told to go and "handle gloves." There was no such thing as glove-handling in the store. I was forced out.*

*Note:*   *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.    Exhaustion of Federal Administrative Remedies:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: *November 2003* _____   *(Date)*.

B.    The Equal Employment Opportunity Commission *(check one)*:

_____    has not issued a Notice of Right to Sue letter.

_____    issued a Notice of Right to Sue letter, which I received on Feb. 2008 *(Date)*.

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____    60 days or more have elapsed.

_____    less than 60 days have elapsed.

## IV.    Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

I wish to receive hundreds of thousands of dollars hoping that nobody will tell me to go and "handle gloves" in the futur

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 22 day of February, 2008

Signature of Plaintiff    Velita C. Enguet

Address    1281 Eastern Parkway
          Apt 5 C
          Brooklyn NY 11213

Telephone Number    _____

Fax Number *(if you have one)*    _____

*Rev. 05/2007*                           4

04-22-08    08:03am    From-Loehmanns Inc    7185182766    T-785    P.013/013    F-565

EEOC Form 161 (3/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Nolita Lorquet<br>1281 Eastern Parkway Apt 5c<br>Brooklyn, NY 11213 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2008-16193 | Roxanne Zygmund,<br>Investigator | (212) 336-3766 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☒ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination In Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*Spencer W. Lewis, Jr.*          January 30 2008

Spencer H. Lewis, Jr.,                (Date Mailed)
Director

Enclosures(s)

cc:    **LOEHMANNS DEPARTMENT STORE**
Director Of Personnel
2500 Halsey Street
Bronx, NY 10461

EXHIBIT 2

EEOC Form 101 (3/88)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  Nolita Lorquet<br>1281 Eastern Parkway Apt 5c<br>Brooklyn, NY 11213 | From:  New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

| | | |
|---|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
| EEOC Charge No. | EEOC Representative<br>Roxanne Zygmund,<br>Investigator | Telephone No.<br>(212) 336-3766 |
| 846-2008-16193 | | |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☒ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

_Spencer H. Lewis Jr._                  _January 30 2008_
Spencer H. Lewis, Jr.,                        (Date Mailed)
Director

Enclosures(s)

cc:  LOEHMANNS DEPARTMENT STORE
Director Of Personnel
2500 Halsey Street
Bronx, NY 10461

EEOC FORM 131 (5/01)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| | **Nolita Lorquet** |

┌
**LOEHMANNS DEPARTMENT STORE**
**Director Of Personnel**
**2500 Halsey Street**
**Bronx, NY 10461**
└

THIS PERSON (check one or both)

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.
**846-2008-16193**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional Information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act     [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act     [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by _____ a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____ If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

**Roxanne Zygmund,**
**Investigator**

EEOC Representative

Telephone   **(212) 336-3766**

**New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [ ] DISABILITY   [ ] RETALIATION   [ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **January 22, 2008** | **Spencer H. Lewis, Jr.,** **Director** | |

Enclosure with EEOC
Form 131 (5/01)

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14  Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge,* for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

EEOC Form 5 (5/01)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 846-2008-16193 |
| | and EEOC |

State or local Agency, if any

Name (Indicate Mr., Ms., Mrs.)   **Nolita C. Lorquet**

Date of Birth: **01-05-72**

Street Address   **1281 Eastern Parkway Apt 5C.**   City, State and ZIP Code   **Brooklyn, NY 11213**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

Name   **Lochmanns Department Store**

| No. Employees, Members | Phone No. with Area Code |
|---|---|

Street Address   **7th Ave   New York, NY**   City, State and ZIP Code

| No. Employees, Members | Phone No. with Area Code |
|---|---|

Name   **Lochmanns Operating Company**

Street Address   **2500 Halsey Street   Bronx, NY 10461**   City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☒ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **August 2003**   Latest
☒ CONTINUING ACTION

THE PARTICULARS ARE :(If additional paper is needed, attach extra sheet(s)):

I was moved from place to place in that store for no reason until my job on the first floor was given to a white man and I was told to go and handle "gloves" in anticipation for firing me. There was no glove handling position in the store. They removed me from the sales position on the first floor. No reasons given to date.

R E C E I V E D
DEC 0 8 2007
EEOC-NYDO-CRTIU

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date **Nov 30, 2007**   Charging Party Signature **Nolita C Lorquet**

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

MOSTAQ HAIDER
Notary Public - State of New York
No. 01HA6132677
Qualified in Kings County
My Commission Expires

## Document Retention Notice Pursuant to Charge Of Discrimination

YOU ARE HEREBY GIVEN NOTICE NOT TO DESTROY, CONCEAL OR ALTER ANY
PAPER DOCUMENTS OR ELECTRONIC DATA INCLUDING DATA GENERATED BY
OR STORE ON ANY COMPUTER OR COMPUTER STORAGE MEDIA (E.G., HARD
DISKS, FLOPPY DISKS, BACKUP TAPES), THAT RELATE TO THE CLAIMS AND
DEFENSES IN THE ACCOMPANYING CHARGE OF DISCRIMINATION.
FAILURE TO COMPLY WITH THIS NOTICE, EITHER THROUGH INTENTIONAL
ACTS OR NEGLIGENCE, CAN RESULT IN SANCTIONS FOR SPOLIATION OF
EVIDENCE. SANCTIONS COULD INCLUDE MONETARY PENALTIES AND OTHER
COURT-IMPOSED ACTION.

A. **Paper Documents to be Preserved:** Hard-copy information which should be
preserved includes, but in not limited to:

1. Personnel files;
2. Employee data;
3. Payroll information;
4. Personnel policies, procedures, and regulations;
5. Letters, memoranda and notes;
6. All complaints of discrimination or unfair treatment;
7. All documents related to internal investigations; and
8. All other documents containing information relevant to the subject matter of the
   charge of discrimination.

B. **Electronic Data to be Preserved:** Electronic information which should be
preserved includes, but is not limited to:

1. Electronic mail (e-mail) and information about e-mail (including message
   contents, header information and logs of e-mail system usage) sent or received
   which is relevant to the subject matter of the charge of discrimination;
2. Databases (including all records and fields and structural information in such
   databases), containing any reference to or information about the human
   resources or personnel information of your employees;
3. Word processing files, including prior drafts, "deleted" files and file fragments
   containing information about or relevant to the subject matter of the charge of
   discrimination:
4. Electronic data files and file fragments created or used by electronic
   spreadsheet programs, where such data files contain information relevant to the
   subject matter of the charge of discrimination; and
5. All other electronic data containing information relevant to the subject matter if
   the charge of discrimination.

C. **Additional Procedures:** the following procedures should be observed or
undertaken to further maintain potentially relevant electronic data:

2

1. **Online Data Storage on Mainframes and Minicomputers:** With regard to online storage or direct access storage devices attached to your mainframe computers or minicomputers: you should not modify or delete any electronic data files, "deleted" files, or file fragments existing at the time of the filing of this charge, unless a true and correct copy of each such electronic data file has been made and steps have been taken to assure that such a copy will be preserved and accessible.

2. **Offline Data Storage, Backups and Archives, Floppy Diskettes, Tapes and Other Removable Electronic Media:** With regard to all electronic media used for offline storage, including magnetic tapes and cartridges and other media that, at the time of the filing of the charge, contained any electronic data meeting the criteria listed in paragraph 1 above. You should stop any activity that may result in the loss of such electronic data including rotation, destruction, overwriting or erasure of such media in whole or in part. This request is intended to cover all removable electronic media used for data storage in connection with your computer systems, including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes and all other media, whether used with personal computers, minicomputers or mainframes or other computers, and whether containing backup or archive data sets and other electronic data, for all of your computer systems.

3. **Retention of Data Storage Devices:** You should not to dispose of any electronic data storage devices or media that may contain electronic data meeting the criteria listed in paragraph 1 above.

4. **Fixed Drives on Stand-Alone Personal Computers and Network Workstations:** With regard to electronic data meeting the criteria listed in paragraph 1 above, which existed on fixed drives attached to stand –alone microcomputers or network workstations at the time of the filing of the charge. You should nit alter or erase such electronic data, and should not perform other procedures (such as data compression and disk de-fragmentation or optimization routines) that may impact such data, unless a true and correct copy has been made of such active files and of completely restored versions of such deleted electronic files and file fragments, copies have been made of all directory listings (including hidden files) for all directories and subdirectories containing such files, and arrangements have been made to preserve copies.

5. **Programs and Utilities:** You should preserve copies of all application programs and utilities, which may be used to process electronic data described herein.

6. **Evidence Created Subsequent to This Notice:** With regard to electronic data created subsequent to the date of delivery of this letter, relevant evidence in not be destroyed and you should take whatever steps are appropriate to avoid destruction of evidence.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

NOLITA CARIDAD LORQUET,                    :        08 CIV 2787 (DLC)

                            Plaintiff,     :        **AFFIDAVIT OF SERVICE**

LOEHMANN'S DEPARTMENT STORE                :

                            Defendant.     :
-------------------------------------------------------------X

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

    I, LAURIE RODRIGUEZ, a legal secretary employed by Troutman Sanders LLP, being duly

sworn, state:

    I am not a party to the within action; I am over eighteen (18) years of age; and I reside in Hazlet

Township, New Jersey.

    On May 8, 2008, I served a copy of a **Notice of Motion**, by depositing a true copy of the

same, enclosed in a postage paid wrapper, via regular mail, in an official depository under the

exclusive care and custody of the U.S. Postal Service within New York State, and by depositing

a true copy of same enclosed in a wrapper, via overnight mail under the exclusive care and

custody of the FedEx, addressed to the following person at the last known address set forth

below:

    To:    Ms. Nolita Caridad Lorquet
           1281 Eastern Parkway, #5C
           Brooklyn, New York  11213

                                            _____
                                                    Laurie Rodriguez

Sworn to before me this
8th day of May, 2008

_Christina M. West-Russo_

CHRISTINA M. WEST-RUSSO
Notary Public, State of New York
No. 01WE6133842
Qualified in Suffolk County
Commission Expires Sept. 19, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

NOLITA CARIDAD LORQUET,                    :        08 CIV 2787 (DLC)

                    Plaintiff,             :        **AFFIDAVIT OF SERVICE**

LOEHMANN'S DEPARTMENT STORE                :

                    Defendant.             :
-------------------------------------------------------X

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

        I, LAURIE RODRIGUEZ, a legal secretary employed by Troutman Sanders LLP, being duly

sworn, state:

        I am not a party to the within action; I am over eighteen (18) years of age; and I reside in Hazlet

Township, New Jersey.

        On May 8, 2008, I served a copy of an **Affirmation of Sharon H. Stern,** by depositing a

true copy of the same, enclosed in a postage paid wrapper, via regular mail, in an official

depository under the exclusive care and custody of the U.S. Postal Service within New York

State, and by depositing a true copy of same enclosed in a wrapper, via overnight mail under the

exclusive care and custody of the FedEx, addressed to the following person at the last known

address set forth below:

        To:    Ms. Nolita Caridad Lorquet
               1281 Eastern Parkway, #5C
               Brooklyn, New York  11213

                                        Laurie Rodriguez

Sworn to before me this
8th day of May, 2008

CHRISTINA M. WEST - ROSSO
Notary Public, State of New York
No. 01WE6133842
Qualified in Suffolk County
Commission Expires Sept. 19, 2009