```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
NOLITA CARIDAD LORQUET,                  :
                                         :    08 CIV. 2787 (DLC)
                     Plaintiff,          :
                                         :    OPINION & ORDER
          -v-                            :
                                         :
LOEHMANN'S DEPARTMENT STORE,             :
                                         :
                     Defendant.          :
                                         :
---------------------------------------- X
```

Appearances:

Plaintiff Pro Se:

Nolita Caridad Lorquet
1281 Eastern Parkway, #5C
Brooklyn, New York 11213

For Defendant:

Sharon H. Stern
Troutman Sanders LLP
405 Lexington Avenue
New York, New York 10174

DENISE COTE, District Judge:

  Plaintiff Nolita Caridad Lorquet ("Lorquet"), proceeding pro se, brought this employment discrimination action against her former employer, defendant Loehmann's, Inc. ("Loehmann's"),[1]

---

[1] Although plaintiff named "Loehmann's Department Store" as the defendant, the entity's proper name is Loehmann's, Inc.

claiming that defendant terminated her employment in violation of Title VII of the Civil Rights Act of 1964.  Loehmann's has moved to dismiss, contending that Lorquet has failed to state a claim upon which relief can be granted because she failed to file a charge with the Equal Employment Opportunity Commission ("EEOC") within the prescribed statute of limitations.

BACKGROUND

The following facts are taken from the Complaint.[2]  Lorquet worked for Loehmann's for approximately one month, from August until September 2003, which is the time period during which the alleged discriminatory conduct occurred.  Lorquet alleges the following:

> During my time of employment, I was moved from place to place in the store until I was asked to be a sales person on the first floor.  A few hours later, that position was offered to a man and I was told to go and "handle gloves."  There was no such thing as glove handling in the store.  I was forced out.

---

[2] Lorquet initiated this action by filing a form Complaint for Employment Discrimination along with several supporting documents, including her submission to the EEOC and the EEOC's response to her claim.  Under Federal Rule of Civil Procedure 12(b), "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) (citation omitted); see Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").  The instant Complaint thus includes Lorquet's form complaint and all attached documents.

Lorquet further alleges that she was not "offered a chance to perform." Nonetheless, Lorquet waited until November 2007, over four years after the termination of her employment, to file a complaint with the EEOC. By a "Dismissal and Notice of Rights" letter dated January 30, 2008, the EEOC informed Lorquet that it was dismissing her complaint because her charge "was not timely filed with the EEOC; in other words, [she] waited too long after the date(s) of the alleged discrimination to file [her] charge."

Lorquet commenced the instant action by filing a form complaint for employment discrimination on March 17, 2008. Loehmann's filed a motion to dismiss on May 12, arguing that Lorquet's complaint was untimely filed because of her failure to raise her charges with the EEOC within 180 days of the alleged discriminatory conduct. In opposition to defendant's motion to dismiss, Lorquet submitted a one-page document titled "REPLY to Motion." In it she states, "EEOC timing or not, Loehmann's offered my job to somebody else the same morning the $7.00 per hour position was offered to me." Lorquet further asserts that while she was showing a handbag to a female customer, the manager walked up to her with a man and said that "the man was the new one for the job and 'Nolita is going to hndle [sic] gloves now.'" In her opposition, Lorquet does not dispute that she filed her EEOC complaint in November 2007.

3

DISCUSSION

Before a plaintiff brings a Title VII suit in federal court, "the claims forming the basis of such a suit must first be presented in a complaint to the EEOC or the equivalent state agency." Williams v. New York City Hous. Auth., 458 F.3d 67, 69 (2d Cir. 2006) (citing 42 U.S.C. § 2000e-5). The complaint to the EEOC must be filed within 180 days of the alleged unlawful employment action. 42 U.S.C. § 2000e-5(e)(1). This timeliness requirement "is analogous to a statute of limitations." McPherson v. New York City Dep't of Educ., 457 F.3d 211, 214 (2d Cir. 2006) (citation omitted). "It has long been settled that a claim of employment discrimination accrues for statute of limitations purposes on the date the employee learns of the employer's discriminatory conduct." Flaherty v. Metromail Corp., 235 F.3d 133, 137 (2d Cir. 2000).

The injuries Lorquet complains of are termination of her employment and unequal terms and conditions of her employment; any discriminatory acts must, therefore, have occurred on or before the termination of her employment in September 2003.[3] Lorquet does not dispute that her EEOC complaint was filed well

---

[3] Although Lorquet checked a box on her form complaint indicating that she believes the defendant's discriminatory practices against her are ongoing, she has not described any facts to support that accusation.

4

past the 180-day statutory deadline, nor does she claim that the limitations period should be equitably tolled. Accordingly, the complaint is untimely and must be dismissed.[4]

CONCLUSION

Defendant's May 12, 2008 motion to dismiss is granted. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         June 23, 2008

                                   _____
                                   DENISE COTE
                                   United States District Judge

---

[4] The 180-day filing period may be extended to 300 days if the complainant has initially instituted proceedings with a state or local fair employment practices agency that has the authority to grant or seek relief from such practice. See 42 U.S.C. § 2000e-5(e)(1). Plaintiff, however, did not institute such proceedings with either the state or local agency. Even if plaintiff had initiated such proceedings, her claim would be time-barred because she filed her EEOC charge over 1,460 days after the alleged discriminatory acts occurred.

COPIES SENT TO:

Nolita Caridad Lorquet
1281 Eastern Parkway, #5C
Brooklyn, New York 11213


Sharon H. Stern
Troutman Sanders LLP
405 Lexington Avenue
New York, New York 10174